IN THE COMMONWEALTH COURT OF PENNSYLVANIA

George Anthony Happel,       :
                                   :
                   Petitioner   :
                                   :
           v.                :  No. 1001 C.D. 2020
                                   :  Submitted:  April 9, 2021
Pennsylvania Parole Board,   :
                                   :
                 Respondent :


BEFORE:    HONORABLE MARY HANNAH LEAVITT, Judge[1]
                HONORABLE MICHAEL H. WOJCIK, Judge
                HONORABLE ELLEN CEISLER, Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE WOJCIK                      FILED:  February 15, 2022


       George Anthony Happel (Parolee) petitions for review of an order of

the Pennsylvania Parole Board (Board), which denied his administrative appeal of

the Board's decision recommitting him to serve 12 months' backtime as a convicted

parole violator (CPV) and denying him credit for the time that he spent at liberty on

parole.  Parolee contends that the Board erred by revoking his street time credit

because it was previously granted to him when he was recommitted as a technical

parole violator (TPV).  For the following reasons, we affirm the Board.

       On June 14, 2011, Parolee pleaded guilty to two counts of possession

with intent to manufacture, sell, or deliver a controlled substance, and was sentenced

---

[1] This matter was assigned to the panel before January 3, 2022, when President Judge Emerita Leavitt became a senior judge on the Court.

by the Berks County Court of Common Pleas to serve two years and three months to six years in a state correctional institution. Certified Record (C.R.) at 1-2. At the time of sentencing, his maximum sentence date was March 10, 2017. *Id.* However, because Parolee owed backtime as a CPV, his maximum sentence date was extended to September 9, 2019. *Id.* at 1-2, 24.

Parolee was paroled on February 24, 2017. C.R. at 7. On March 29, 2019, the Board declared Parolee delinquent, effective March 13, 2019, because he failed to make contact with his parole agent. *Id.* at 11-13. On April 2, 2019, Parolee was arrested by the Whitehall Township Police Department in Lehigh County for driving under the influence of alcohol or a controlled substance (DUI), unlawful possession of a controlled substance, and possession of drug paraphernalia (two counts). *Id.* at 14, 16-17. The Board lodged a detainer warrant that same day. *Id.* at 20.

On April 5, 2019, the Board issued a notice of charges and hearing based on Parolee's new criminal charges and technical parole violation for failing to maintain regular contact with parole supervision staff. C.R. at 30. Parolee waived his rights to be represented by counsel and to violation and detention hearings, and he admitted to his technical violation. *Id.* at 28-29.

By decision mailed on April 19, 2019, the Board referred to its prior decision detaining Parolee pending disposition of the new criminal charges and recommitted him as a TPV to serve his unexpired term of 5 months and 27 days for failing to report to his parole officer as instructed. C.R. at 47-48. Parolee's maximum sentence date was recalculated as September 29, 2019;[2] however, the Board advised that the date was subject to change if Parolee was convicted on the

---

[2] Parolee was delinquent from March 13, 2019, through April 2, 2019. Certified Record (C.R.) at 45.

2

new criminal charges. *Id.* On May 3, 2019, Parolee posted bail on the new criminal charges, but he remained incarcerated pursuant to the Board's detainer warrant. *Id.* at 182.[3]

On August 20, 2019, Board staff was informed that Parolee had been arrested by the Pennsylvania State Police in Berks County on March 19, 2019, and charged with DUI, driving while impaired, and careless driving. C.R. at 49-51, 78, 81, 171. On September 23, 2019, Parolee posted bail on the charges, but remained detained pursuant to the Board's warrant. *Id.* at 78, 171.

On November 27, 2019, Parolee pleaded guilty to DUI in Berks County, and the remaining charges were dismissed. C.R. at 172. He was sentenced to 72 hours to 6 months in the Berks County Jail System and scheduled to be released upon completion of his minimum sentence. *Id.* at 72. On December 17, 2019, Parolee pleaded guilty to DUI in Lehigh County, and the remaining charges were withdrawn. *Id.* at 183. He was sentenced to time served to six months in the Lehigh County Jail and was immediately paroled. *Id.* at 74, 187.

On January 7, 2020, the Board provided Parolee with notice that a parole revocation hearing would be held regarding his new Berks and Lehigh County convictions. C.R. at 84. Parolee waived his right to a panel hearing, and the matter was heard by a hearing examiner on January 27, 2020. *Id.* at 87-88. At the hearing, at which Parolee was represented by counsel, Parolee admitted to the new convictions and did not present any mitigation testimony. Notes of Testimony at 19-20; C.R. at 106-07. Instead, he argued that the Board, in recommitting him as a

---

[3] On May 8, 2019, Parolee was released from the detainer warrant because he was returned to the Board's custody pending disposition of the new criminal charges. C.R. at 55. On September 29, 2019, the Board canceled its detainer warrant because Parolee reached his maximum sentence date. *Id.* at 56, 205. The detainer warrant was reinstated on December 19, 2019, following his new criminal convictions. *Id.* at 160, 206.

CPV, could not revoke his street time credit that was previously granted to him when he was recommitted as a TPV.[4] *Id.*

By Board action recorded on March 11, 2020,[5] the Board referred to its prior action recommitting Parolee as a TPV and recommitted him as a CPV to serve 12 months' backtime concurrent to the 5 months and 27 days he was ordered to serve as a TPV. C.R. at 179. The Board, in its discretion, did not award credit for the time Parolee spent at liberty on parole based on his unresolved drug and/or alcohol issues. *Id.* As a result, Parolee's maximum sentence date was recalculated as March 10, 2022. *Id.*

On March 6, 2020, Parolee filed an administrative remedies form challenging his recommitment as a CPV.[6] C.R. at 196-97. He argued that he already received credit for his street time as a TPV, and, therefore, the Board could not forfeit that time based on his recommitment as a CPV. By decision mailed on September 16, 2020, the Board rejected Parolee's claim.[7] *Id.* at 205-06. The Board explained that Parolee's recommitment as a CPV involved the same parole period as his recommitment as a TPV. Therefore, based upon its recommitment of Parolee as a

---

[4] When he was recommitted as a TPV, Parolee received credit for all of his street time, except for the 20 days that he spent in delinquency. *See* Section 6138(c)(2) of the Prisons and Parole Code, 61 Pa. C.S. §6138(c)(2) (providing that a technical parole violator "shall be given credit for the time served in good standing but with no credit for delinquent time . . . .").

[5] There is no mailing date on the decision.

[6] Parolee submitted three additional documents to the Board. The first, received on February 4, 2020, was sent prior to the Board's decision and referenced his recommitment as a TPV. C.R. at 193-94. The second, received on June 1, 2020, reiterated that his street time should not have been forfeited by the Board. *Id.* at 199. The third, received on August 25, 2020, complained that the Board had yet to rule on his administrative appeal. *Id.* at 201.

[7] The Board indicated that it was only considering Parolee's petition regarding the credit allocation toward his new maximum sentence date, *i.e.*, his March 6, 2020 request. C.R. at 205.

CPV, the Board was authorized to deny him credit for the time he spent at liberty on parole, even though that time had previously been credited to him when he was recommitted as a TPV.

The Board then addressed its recalculation of Parolee's maximum date. It explained that when Parolee was paroled on February 24, 2017, with a maximum date of September 9, 2019, he had 927 days remaining on his original sentence. C.R. at 205. The Board then extended his maximum date to September 29, 2019, upon the revocation of his parole due to a technical violation. *Id.* Because Parolee posted bail on both his Lehigh and Berks County criminal charges, he received credit for the 115 days he was incarcerated solely on the Board's detainer warrant, *i.e.*, from May 3, 2019, to August 20, 2019, and from September 23, 2019, to September 29, 2019. *Id.* at 206. Subtracting the 115 days of credit from the 927 days remaining on his original sentence left him with 812 days to serve on his original sentence. Parolee became available to begin serving his original sentence on December 19, 2019, the date the Board relodged its warrant against Parolee for revocation proceedings, and adding 812 days to that date yielded a new maximum sentence date of March 10, 2022. *Id.* at 206. The Board therefore affirmed its decision recorded on March 11, 2020.

Parolee petitions this Court for review, raising one issue.[8] He claims that the Board erred by recommitting him as a CPV and denying him credit for the time he spent at liberty on parole, when it had previously awarded him credit for that time when the Board recommitted him as a TPV. Parolee argues that pursuant to

---

[8] Our scope of review of a Board's recommittal order is limited to determining whether necessary findings were supported by substantial evidence, whether error of law was committed, or whether constitutional rights were violated. *Johnson v. Pennsylvania Board of Probation and Parole*, 706 A.2d 903, 904 (Pa. Cmwlth. 1998).

5

*Penjuke v. Pennsylvania Board of Probation and Parole*, 203 A.3d 401 (Pa. Cmwlth. 2019), *appeal denied*, 228 A.3d 254 (Pa. 2020), the Board cannot revoke street time credit that was previously granted. Therefore, because he received street time credit as a TPV, the Board had no authority to revoke it later when he was recommitted as a CPV.

The Board responds that *Penjuke* does not apply in this case. It explains that in *Kazickas v. Pennsylvania Board of Probation and Parole*, 226 A.3d 109 (Pa. Cmwlth.), *appeal denied*, 238 A.3d 1170 (Pa. 2020), this Court held that *Penjuke* does not apply when the criminal conduct that led to a parolee's recommitment as a CPV occurred during the same period of parole as the violation that led to his recommitment as a TPV.

We agree with the Board. In *Young v. Pennsylvania Board of Probation and Parole*, 225 A.3d 810 (Pa. 2020), the Board revoked the street time of a CPV, including the street time that the Board had previously granted to the parolee in a prior revocation proceeding. The Pennsylvania Supreme Court held that if the Board exercised its discretion to award street time credit under Section 6138(a)(2.1) of the Prisons and Parole Code (Parole Code), 61 Pa. C.S. §6138(a)(2.1), it could not, in a subsequent revocation proceeding, revoke that credit. *Id*. at 813-14. *Young* involved prior revocation proceedings; in *Penjuke*, the issue was whether the Board could forfeit the street time of a CPV that was previously credited to his original sentence, pursuant to Section 6138(c)(2) of the Parole Code, in a prior period of parole resulting in his recommitment as a TPV. This Court held that the Board could not, in a subsequent revocation proceeding, revoke street time that was credited in the prior parole period resulting in the parolee's recommitment as a TPV. *Penjuke*, 203 A.3d at 420.

6

However, in both *Young* and *Penjuke*, two separate periods of parole, and thus street time credit, were at issue. In *Kazickas*, 226 A.3d at 116-17, we explained that the Board is precluded from ***reaching back in time into past periods of parole*** to revoke street time credit that was previously granted to a TPV. However, when the criminal conduct that led to a parolee's recommitment as a CPV occurred ***during the same period of parole*** as the violation that led to his recommitment as a TPV, *Penjuke* does not apply. *Id.* at 116.

Here, Parolee was paroled on February 24, 2017. By decision mailed on April 19, 2019, he was recommitted as a TPV to serve his unexpired term and the Board gave him credit for his time spent at liberty on parole in good standing, except for the 20 days that he spent in delinquency from March 13, 2019, through April 2, 2019, pursuant to Section 6138(c)(2) of the Parole Code. The Board was authorized to and did make Parolee's recalculated maximum sentence date of September 29, 2019, subject to change, if he was ultimately convicted of the new criminal charges. C.R. at 47. Upon his conviction, by Board decision recorded on March 11, 2020, the Board referred to its April 2019 decision recommitting Parolee as a TPV and recommitted him as a CPV to serve 12 months' backtime concurrent to his TPV backtime. Thus, unlike in *Penjuke*, the events that led to Parolee being recommitted as a TPV, and later as a CPV, occurred during the same parole period. Pursuant to *Kazickas*, because the conduct that led to Parolee's recommitment as a TPV and as a CPV occurred during the same parole period, *Penjuke* does not apply. As such, the Board did not violate the holding of *Penjuke* by revoking the credit that Parolee received as a TPV for the time that he spent at liberty on parole in good standing when it recommitted him as a CPV.

7

For the above reasons, we affirm the Board's order.

_____
MICHAEL H. WOJCIK, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

George Anthony Happel,           :
                                 :
                Petitioner       :
                                 :
        v.                       : No. 1001 C.D. 2020
                                 :
Pennsylvania Parole Board,       :
                                 :
                Respondent       :

## **O R D E R**

AND NOW, this 15<u>th</u> day of <u>February</u>, 2022, the order of the Pennsylvania Parole Board, dated September 16, 2020, is hereby AFFIRMED.


_____
MICHAEL H. WOJCIK, Judge